RIVERO, PLAINTIFF AND APPELLANT, *v.* SURÍS ET AL., DEFENDANTS AND APPELLEES.

APPEAL from the District Court of Myagüez in an Action of Ejectment and for Damages.

MOTION of the appellees to dismiss the appeal.

No. 1470.—Decided April 6, 1916.

APPEAL—DISMISSAL OF APPEAL—TRANSCRIPT OF RECORD.—In accordance with the last paragraph of section 299 of the Code of Civil Procedure, as amended by Act No. 70 of March 9, 1911, the provisions of which are mandatory

and not directory, the appellant must furnish the appellee with a copy of the transcript of the record, and if he fail to supply such omission after notice and before the hearing on the appellee's motion to dismiss the appeal, the appeal will be dismissed.

ID.—TRANSCRIPT OF RECORD—DISCRETION OF COURT.—A plea of excess of work on the part of the attorney for the appellant and a promise to deliver a copy of the transcript, consisting of only eight pages, to the attorney for the appellee within such time as the court might fix, after he has been served with a copy of the motion to dismiss the appeal on the very ground of his failure to deliver said copy at the proper time, affords this court no basis for the exercise of its discretion in his favor.

The facts are stated in the opinion.

Mr. *Luis Mercader* for the appellant.

Mr. *Benito Fores* for the appellees.

MR. JUSTICE DEL TORO delivered the opinion of the court.

On March 28, 1916, the appellees filed a motion for dismissal of the appeal because a copy of the transcript of the record had not been delivered to them. On the thirtieth of the same month the appellant admitted that fact which, he said, was due to an excess of work, and stated that he was prepared to furnish the said copy within such time as the court might deem proper. The transcript contains only eight typewritten pages and was filed in the office of the secretary of this court on March 20, 1916. The hearing on the motion for dismissal was held on April 3 instant, the parties not appearing.

In the case of *Cabassa* v. *Bravo,* 21 P. R. R. 173, this court laid down the following doctrine:

"In accordance with the last paragraph of section 299 of the Code of Civil Procedure as amended by Act No. 70 of March 9, 1911, the provisions of which are imperative and not directory, the appellant must serve a copy of the transcript of the record on the respondent and if he refuse to supply such omission after being notified of a motion to dismiss the appeal on that ground, the appeal will be dismissed." (Syllabus.)

In the opinion delivered in the above case, four other cases are cited in which this court overruled motions for dismissal of the appeals for the reason invoked by the appel-

lees, but, although this is true, it was because in three of the said cases the appellant supplied the omission by delivering a copy of the transcript of the record to the appellee before the hearing on the motion for dismissal; and in the other case, while the appellant had not delivered copies to all of the attorneys for the appellees, he had delivered a copy to one of them.

No such circumstances appear in the case under consideration. Notwithstanding the positive provision of the law and of the clearness of our jurisprudence on that point, instead of being diligent in furnishing a copy of the transcript of the record, consisting of only eight pages, before the hearing on the motion for dismissal, the appellant simply pleads an excess of work and promises to deliver the copy within such time as the court may fix therefor. Therefore, the attitude of the appellant affords this court no ground to justify the exercise of its discretionary powers in his favor.

The appeal should be

*Dismissed.*

Chief Justice Hernández and Justices Wolf, Aldrey and Hutchison concurred.